City of Cranston
Building Inspections
1090 Cranston Street
Cranston RI 02920
401-780-6012
Fax: 401-780-6002

# Fax

**Date:** June 13, 2007 **From:** Steve Rioles

**To:** Rich Sousa

**Pages:** 5 - includes cover sheet

**Fax #:** 617-456-8100

CITY OF CRANSTON VIGILO DUM CURO 1754-1910

202706050000080 Bk: 3683 Pg: 198
RECORDED Cranston, RI Pg 1 of 1
06/05/2007 10:22:00 DECSN

Individuals requesting services for the hearing impaired must notify the Office of the City Clerk at least 48 hours in advance at 461-1000 X 3198

**OFFICE OF THE ZONING BOARD OF REVIEW**

Stephen P. Laffey
Mayor

Stephen W. Rioles
Secretary

Stephen W. Rioles
Enforcing Officer

Regular meeting on
Second Wednesday

**CITY HALL**
**869 PARK AVENUE**
**Cranston Rhode Island 02910**

Board Members
Chairwoman
Joy Montanaro
Edward DiMuccio
Curtis Ponder
Frank Corrao III
David Imondi

Alternate Members
Adam Sepe
Craig Cardullo

**NOTICE OF DECISION**

You are hereby notified that **GATEWAY WOODSIDE, INC 300 N LAKE AVE PASADENA CA 02421 (OWN) AND NEXTEL COMMUNICATIONS 9 CROSBY DR BEDFORD MA 01730 (APP/LESSEE)** have filed an application for permission to install communications antennae on the roof of an existing building and build a 12'x20' equipment shelter at **185 Sockanosset Crossroads** AP 10/3 lot 45 area 7.44+/- acres zoned C-3. Applicant seeks relief from Section 17.76.010 A-P.

This Application was **DENIED** on 3/14/07.

If you deem the Zoning Board's decision unfavorable, you may appeal it to the Providence County Superior Court within a period of twenty days.

By Order of the Zoning Board of Review
Stephen W. Rioles Secretary

**GATEWAY WOODSIDE, INC 300 N LAKE AVE PASADENA CA 02421 (OWN) AND NEXTEL COMMUNICATIONS 9 CROSBY DR BEDFORD MA 01730 (APP/LESSEE)** have filed an application for permission to install communications antennae on the roof of an existing building and build a 12'x20' equipment shelter at **185 Sockanosset Crossroads AP 10/3** lot 45 area 7.44+/- acres zoned C-3. Applicant seeks relief from Section 17.76.010 A-P. Atty. Ricardo Sousa.

This application was **DENIED** on a motion by C. Cardullo and seconded by D. Imondi and so voted unanimously by the Board. A. Sepe did not vote upon this application. C. Ponder recused himself from hearing the application.

**Decision:** The Board made the following findings of fact based upon the evidence presented:

1. The property is located in a Commercial C-3 District (Intended Primarily for the Use of General business), and has an approximate area of 7.44+/- acres;
2. The applicant proposes to install telecommunications antennae upon the roof of an existing commercial structure and to construct an accessory equipment building, and is not for the construction of a new telecommunications tower;
3. The owner of the subject property is Gateway Woodside, Inc., 300 North Lake Avenue, Pasadena, California;
4. The applicant is Nextel Communications, 9 Crosby Drive, Bedford, Massachusetts, which is an entity licensed, by the FCC, to construct and operate wireless networks;
5. The address of the subject property is 185 Sockanosset Crossroad, also known as Tax Assessor's Plat 10-3, Lot No. 45;
6. The applicant's position is that it has a lack of capacity problem in the general vicinity, and that the application seeks to remedy the problem;
7. The applicant contends that the antennae proposed will provide increased coverage and capacity to targeted sections of the City of Cranston and the immediate surrounding area;
8. The applicant seeks to utilize an existing building in connection with a proposal to place twelve (12) panel antennae upon the rooftop of the existing building and further seeks to place an equipment shelter located in the rear of the building;
9. The applicant's position is that it is not helped by the possible installation of its antennae upon a neighboring latticed tower along Eddy Street, in the City of Cranston, since it would provide, according to the applicant, duplicative coverage;
10. The applicant presented the testimony of Philip D. Liete, who is an employee of the applicant, and who is a radio frequency expert involved in radio frequency engineering and design;
11. The applicant did not offer Philip Liete, as an expert witness, since Mr. Liete in fact is an employee of the applicant, and the applicant conceded that Mr. Liete was not an independent expert witness in the circumstances;
12. Mr. Liete's testimony described two existing problems, which were identified to be a capacity issue, and also an existing coverage deficiency, which he further testified would both be remedied in the event the application was to be granted;
13. Mr. Liete further testified that he did take into consideration another existing latticed tower in the area, which is the aforementioned latticed tower, located, at Eddy Street, and that his analysis indicated that it sits two-tenths of a mile from the subject site of the application and that it would, accordingly, provide duplicative coverage to the existing site and that the collocation of

the proposed antennae upon the Pezza property latticed tower, would serve no purpose, or benefit to the applicant;

14. An attorney representing Pezza Properties, Ltd., who owns the aforementioned telecommunications latticed tower, at 26 Eddy Street, Cranston, Rhode Island, appeared for the hearing, for the purpose of offering opposition to the application, in behalf of his client;

15. The opposition testimony offered, included, but was not limited to the proposition that the application failed to satisfy the evidence required, pursuant to City of Cranston Code 17.92.020 Special Use permit. A.2.a., b., c., d., e., and 4 a i – viii;

16. The attorney for Pezza Properties, Ltd., in the course of his presentation in opposition to the application presented the testimony of Mr. David P. Maxson, an expert witness in municipal wireless consulting and Mr. Maxson was eventually qualified, by the Zoning Board of Review, after a vote, as an expert witness in radio frequency;

17. During the course of his testimony, Mr. Maxson faulted the applicant's presentation to the extent that the testimony was general with regard to overload, which lacked statistics and further said the presentation was flawed because the coverage plots prepared were not accompanied by back up data for review purposes, with missing data collocation coordinates of the facilities that the applicant was using, the power level, the frequency, the antenna heights, the signal levels that qualify, as in building and in vehicle coverage;

18. That Mr. Maxson further testified that it was his expert opinion, after reviewing the site plans that pursuant to Federal law, in terms of standards regarding radio frequency emissions, that the proposed Nextel facility was subject to routine evaluation and no evidence of routine evaluation had been submitted with the application;

19. That Mr. Maxson disputed paragraph no. 5 of a certain Affidavit submitted, by the applicant's witness Philip D. Liete, in conjunction with its application, to the extent, that Mr. Maxson opined that the Pezza tower was upon one side of the area that was being targeted, by the proposed facility and that in fact had the ability to provide coverage into the same targeted area;

20. That Mr. Maxson's testimony suggested that after his study and analysis, he believed that the coverage expected from the proposed facility, as compared with the utilization of the immediately surrounding Pezza tower, would not be substantially different, and additionally suggested, pursuant to a diagram that he prepared, that very good in vehicle coverage, along Route 37, could be obtained by collocation upon the Pezza tower, at a height of 100';

21. That Mr. Maxson further opined that he did not see interference, as an automatic issue, with the Pezza property tower, being too close to the tower, at Elwin Electronics;

22. That Mr. Maxson offered the opinion that there was no impediment to the applicant's collocating their proposed antennae upon the Pezza property tower;

23. That Mr. Maxson's testimony further offered the opinion that the applicant had not met the criteria required, pursuant to City Code 17.92.020 Special use permit. A. 4. A. i-viii, with very detailed reasoning being provided, in the course of his testimony;

24. That Mr. Maxson's conclusion was that the proposed antennae could be collocated upon the Pezza property tower to address the purported coverage gap and that the coverage gap could be satisfied in such a manner;

25. The Schedule of uses, pursuant to the City of Cranston Code, Sec. 17.20.030, reflects that a principal use of a telecommunications tower, or a principal use of a telecommunications antenna, in the subject C-3 zoning district (Intended Primarily for the Use of General business), requires a Special use permit;

26. The Zoning Board of Review, in comparing the testimony of the applicant's employee, Philip D. Liete, as compared to the testimony offered, by the opposition's expert, David P. Maxson, finds that the testimony of David P. Maxson is, and shall be entitled to greater weight, in the circumstances, and specifically finds Mr. Maxson's testimony to be credible, comprehensive, substantial, and detailed, and for the most part uncontradicted, and unrebutted;

27. Notwithstanding the applicant's evidence presented, and particularly in light of the testimony offered by the opposition's expert, David P. Maxson, a reasonable effort has not been made to utilize existing structures for the proposed antennae or to collocate the proposed antennae, at an alternate location, and the applicant's testimony thereto, is found to be less than satisfactory in the circumstances, and the applicant's presentation is found to be lacking to the extent that it was not able to rebut many of the points offered, by the oppositions expert, which the Board believes could have been rebutted, or should have been rebutted in the circumstances;

28. That the applicant's Motion to continue the hearing to a future date, in order to secure and/or present more evidence in favor of its position, or to provide the Zoning Board of Review with additional evidence, in light of the testimony offered, by the opposition's expert, was made, but did not carry in the circumstances, and accordingly, the Zoning Board of Review shall make its decision, based upon the available evidence, presented by the applicant, and the opponent, during the hearing of March 14, 2007;

29. That the suggested availability of more competitive and more reliable wireless telecommunication service to the residents of the City of Cranston is not found to be a significant factor in the circumstances, and the applicant's suggestion that a significant coverage gap exists was not proven;

30. That although the applicant did not formally seek the granting of a Special use permit, believing the same relief was not necessary, and did not plead the same in its application, the Zoning Board of Review is not satisfied that a Special use permit, pursuant to the aforementioned schedule of uses, is not needed, and accordingly, believes that the testimony offered, by the opponent's expert, covering provisions in the City of Cranston Code, dealing with a Special use permit, particularly a Special use permit for wireless service facilities, were relevant and required in the circumstances, and that the applicant did not satisfy the various criteria set forth in the Special use permit provision of the zoning ordinance, particularly the provisions relating to wireless service facilities;

31. That irrespective of the necessity of obtaining a Special use permit, which was not specifically sought, by the applicant, in this case, the Zoning Board of Review, pursuant to 17.76.010 Telecommunication facilities C.3.a. believes that sufficient evidence was not shown, by the applicant, that a reasonable effort was made to utilize existing structures for the proposed telecommunications antennae, and that since an existing structure, namely the Pezza property tower was not to be utilized, sufficient evidence, as to why not, was not submitted, by the applicant, and further no evidence was shown, pursuant to 17.76.010 3.b. relative to the availability of city owned sites, located in the prospective area, which could potentially accommodate the proposed antennae;

32. The Planning Commission, in the course of the exercise of its routine review of all applications coming before the Zoning Board of Review, unanimously voted to recommend approval of the application, finding that the proposal was in accordance with Section 17.76.010. Telecommunication facilities. C.1. of the Zoning Code and that the proposal should, therefore, be permitted, as an accessory use, since the antennae will be located upon the roof of a commercial structure, which recommendation the Zoning Board of Review, based upon the findings of facts set forth above, shall not accept, as appropriate in the circumstances;

That in consideration of the above-recited findings of fact, and based upon the same, the applicant's request for relief, as set forth in its application, and presented during the aforementioned hearing of March 14, 2007, is hereby denied, pursuant to Zoning Code Section 17.92.020, Special use permit, and further, pursuant to Section 17.76.010 Telecommunication facilities;