UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC, INC. d/b/a NEXTEL COMMUNICATIONS, | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 07-255-S |
| THE CITY OF CRANSTON, THE ZONING BOARD OF REVIEW OF THE CITY OF CRANSTON and JOY MONTANARO, EDWARD DIMUCCIO, CRAIG CARDULLO, FRANK CORRAO III, and DAVID IMONDI in their capacities as members of the City of Cranston Zoning Board of Review, | ) | |
| Defendants. | ) | |

ANSWER AND JURY CLAIM

Defendants hereby Answer the Complaint, according to the numbered paragraphs, as follows:

[PREAMBLE]

This paragraph is descriptive in nature and, therefore, does not require an Answer. However, to the extent that any assertion in this paragraph could support a finding in favor of Plaintiff and against Defendants on any point, such assertion is denied.

PARTIES

1. Defendants are without sufficient information to admit or deny the allegations of this paragraph.

2. Admitted.

3. Admitted.

4. Admitted.

JURISDICTION AND VENUE

5. Denied.

6. Admitted.

FACTUAL BACKGROUND

7. Defendants are without sufficient information to admit or deny the allegations of this paragraph.

8. Defendants are without sufficient information to admit or deny the allegations of this paragraph.

9. Defendants are without sufficient information to admit or deny the allegations of this paragraph.

10. Defendants are without sufficient information to admit or deny the allegations of this paragraph.

11. Defendants are without sufficient information to admit or deny the allegations of this paragraph.

12. Defendants are without sufficient information to admit or deny the allegations of this paragraph.

13. Defendants are without sufficient information to admit or deny the allegations of this paragraph.

14. Denied as stated. Defendants do not know what definition Paintiff ascribes to the word "strategically" in this paragraph. Defendants are without sufficient information to admit or deny the remaining allegations of this paragraph.

15. Defendants are without sufficient information to admit or deny the allegations of this paragraph.

16. Denied as stated. Defendants do not know which persons Plaintiff includes among those who are "potential" customers. As such, this paragraph is both self-serving and misleading. To the extent that defendants understand the paragraph, they are without sufficient information to admit or deny the remaining allegations of the paragraph.

17. Defendants are without sufficient information to admit or deny the allegations of this paragraph.

18. Defendants are without sufficient information to admit or deny what determinations plaintiff may, or may not have made. Defendants are without sufficient information to admit or deny the remaining allegations of this paragraph.

19. Defendants are without sufficient information to admit or deny what determinations plaintiff may, or may not have made. Defendants are without sufficient information to admit or deny the remaining allegations of this paragraph.

20. Defendants are without sufficient information to admit or deny the allegations of this paragraph.

21. Denied as stated. Upon information and belief, plaintiff filed an application generally consistent with the allegations of this paragraph with the Cranston Planning Commission, not the Cranston Zoning Board of Review. Defendants are without sufficient information to admit or deny the remaining allegations of this paragraph.

22. Denied as stated. Admitted that the referenced document is an accurate copy of the document referenced. However, denied that the document constitutes an 'approval.' The document indicates that it is a 'recommendation' for approval. Defendants are without sufficient information to admit or deny the remaining allegations of this paragraph.

23. Denied that the referenced decision was an approval. Admitted that the language quoted is part of the referenced Ordinance. Defendants neither admit nor deny the allegation regarding what the Planning Commission "relied" on. To the extent that the Planning Commission relied on any evidence or ordinance, such reliance is set forth in the document making the Commission's recommendation.

24. Admitted that the referenced document contains language generally consistent with that quoted in this paragraph. Denied that a quoted language establishes or supports a legal right to construct antennas as Plaintiff has requested.

25. Defendants are without sufficient information to admit or deny the allegations of this paragraph.

26. Defendants are without sufficient information to admit or deny the allegations of this paragraph.

27. Defendants are without sufficient information to admit or deny the allegations of this paragraph.

28. Admitted that a hearing was held and that evidence was received. Denied that Plaintiff's employee's testimony and/or evidence was not received and/or accorded due and appropriate weight, including opinion evidence. Admitted that Plaintiff's so-called "expert" was an employee of Plaintiff.

29. Admitted that the Board was presented additional evidence including opinion testimony by a witness presented by a citizen.

30. Defendants neither admit nor deny the allegations of this paragraph. To the extent that any allegation in this paragraph could create or support liability on the part of any defendant, such allegation is denied.

31. Defendants neither admit nor deny the allegations of this paragraph. To the extent that any allegation in this paragraph could create or support liability on the part of any defendant, such allegation is denied.

32. Denied as stated. To the extent that the Planning Commission considered the Plaintiff's application, it did so only with respect to the particular ordinance provision which it cited. In fact, the cited ordinance explicitly states that use of an existing structure for the purpose of installing telecommunications antennas must comply with all other zoning ordinances. Zoning Ordinance 17.20.030 provides that telecommunications antennae in a C-3 zoned area require a Special Use Permit.

33. Admitted that Plaintiff did, in fact, proceed with its request for a Special Use Permit, presented evidence and otherwise prosecuted such application/request. Admitted that Plaintiff was permitted the opportunity to present evidence, and did so, to advance its interests and to seek to persuade the Board regarding certain facts and opinions relevant to the determination of whether a Special Use Permit was appropriate.

34. Denied.

35. Denied.

36. Admitted.

<u>COUNT I – Violation of the Telecommunications Act of 1996</u>

37. Defendants incorporate their answers to paragraphs 1 through 36 as if set forth here.

38. This paragraph makes no allegation of fact to which a response is required.

39. This paragraph makes no allegation of fact to which a response is required.

40. This paragraph makes no allegation of fact to which a response is required.

41. This paragraph makes no allegation of fact to which a response is required. To the extent that any allegation in this paragraph could create or support liability on the part of any defendant, such allegation is denied.

42. This paragraph sets forth a legal conclusion to which no response is required.

43. This paragraph makes no allegation of fact to which a response is required.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. This paragraph makes no allegation of fact to which a response is required.

49. Denied.

50. Denied.

## Prayer for Relief

Denied that Plaintiff is entitled to the relief sought.

## FIRST AFFIRMATIVE DEFENSE

The decision of Defendants is within the local powers preserved by 47 U.S.C. Sec. 332(c)(7)(A).

## SECOND AFFIRMATIVE DEFENSE

The decision of Defendants is not inconsistent with or violative of any of the provisions of 47 U.S.C. Sec. 332(c)(7)(B)(i).

## THIRD AFFIRMATIVE DEFENSE

The decision of Defendants is in writing and supported by substantial evidence contained in a written record.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that the Complaint alleges that the decision of the Defendants is inconsistent with 47 U.S.C., Sec. 332(c)(7)(B)(v), this Court lacks jurisdiction over such claim.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege facts which establish that the site with which this suit is concerned is the only feasible alternative to provide services to the claimed gap in service.

SIXTH AFFIRMATIVE DEFENSE

The allegations of the Complaint do not establish that the claimed gap in service is sufficiently substantial as to be legally significant and/or that further reasonable efforts to establish coverage would likely be fruitless.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the failure to utilize the procedures set forth in R.I.G.L. 45-24-56, *et seq* prior to the filing of the instant suit in that the "decision" from which it brings this suit is not a final decision as required by the Telecommunications Act.

EIGHTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted and/or this Court lacks subject matter jurisdiction over Plaintiff's claims.

NINTH AFFIRMATIVE DEFENSE

Plaintiff has waived and/or is estopped from pursuing any and all claims to proceed without a Special Use Permit by virtue of the fact that it elected to seek such a Special Use Permit.

TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege facts which, if proven, would meet the criteria set forth by Cranston Ordinance 17.92.020.A.4.a.i-x. and, as such, has failed to allege sufficient facts to state a claim upon which relief may be granted.

ELEVENTH AFFIRMATIVE DEFENSE

The Complaint in this matter is not timely within the requirements of the Telecommunications Act.

DEFENDANTS CLAIM TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Defendants,
By and through their counsel,

Dated: November 14, 2007

/s/ Jeffrey S. Michaelson

Jeffrey S. Michaelson, Esq. (#3299)
Michaelson & Michaelson
P.O. Box 622
North Kingstown, R.I. 02852
Telephone: (401) 295-4330

Facsimile: (401) 295-5220

CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the date of filing of this document(s).

/s/ Jeffrey S. Michaelson