UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC, INC. d/b/a NEXTEL COMMUNICATIONS<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF CRANSTON, THE ZONING BOARD OF REVIEW OF THE CITY OF CRANSTON and JOY MONTANARO, EDWARD DIMUCCIO, CRAIG CARDULLO, FRANK CORRAO III, and DAVID IMONDI in their capacities as members of the City of Cranston Zoning Board of Review<br><br>Defendants. | Civil Action No. 07-255S |

**PLAINTIFF'S SUMMARY OF ITS CLAIM**
**IN RESPONSE TO COURT'S RULE 16 ORDER**

**FACTUAL SUMMARY**

Plaintiff (hereinafter, "Nextel"), a provider of wireless telecommunications services, has a significant gap in its coverage in the area of Sockanosset Crossroads, Cranston, RI. As a result, Nextel customers inhabiting, conducting business or traveling through this section of Cranston have substandard or no wireless coverage. Nextel determined that it needed to install additional antenna facilities in this part of Cranston in order to close its gap in coverage and to serve its customers adequately.

After careful investigation and review of at least four other locations, Nextel determined that the only available site from which it could close its gap in coverage and serve its customers was by installing antennas upon the roof of the existing commercial structure at 185 Sockanosset

Crossroads, ("the Property"), with the antennas extending approximately eight feet above the existing roof line. Nextel entered into a lease with the owner of the Property, Gateway Woodside, Inc., for the placement of its antennas and for the construction of an equipment shelter and appurtenant equipment next to the existing building.

Nextel submitted an application to the City of Cranston Zoning Board of Review for permission to construct its facility on September 18, 2006. As part of this process, it submitted a site plan, to the City of Cranston Planning Commission. Nextel appeared at a hearing before the Planning Commission on December 5, 2006. The City Planning Commission recommended approval and found that Nextel's proposal should "be permitted as an accessory use since the antennae will be located on the roof of a commercial structure."

The following week, Nextel's representative met with the City's Zoning Enforcement Officer, who agreed that a Building Permit should be issued for construction of the facility without further review by the Board of Review. At the suggestion of the City's Zoning Enforcing Officer, Nextel withdrew its application to the Zoning Board of Review. One week later, the City's Zoning Enforcing Officer called Nextel's representative and said that an "interested citizen" had called to complain about the Planning Commission's decision to allow Nextel to construct its facility at the Property and, as a result, the application would have to be approved by the Board, which insisted that a special use permit for the proposed site was necessary.

The Board held a single hearing on Nextel's application, at which it refused to consider testimony from Nextel's radio frequency engineer concerning Nextel's coverage gap and the lack of alternative sites at which it might remedy this gap and would not allow Nextel's representative to direct questions to the owner's expert witness concerning his contention that an

existing tower at Eddy Street, Cranston, would provide coverage within Nextel's network. The Board denied Nextel's application by a unanimous vote on March 14, 2007. The decision of the Board was filed with the Office of the City Clerk on June 6, 2007.

**LEGAL CLAIMS**

In this action, Nextel has raised claims under the Federal Telecommuncations Act of 1996, ("TCA") 47 U.S.C. § 332(c) that the defendant Board of Review's denial of its application for zoning relief was not based upon substantial evidence and effectively prohibits the provision of wireless services, in violation of the TCA.

**Lack of substantial evidence**

Nextel contends that Cranston's Zoning Board of Review failed to base its denial on substantial evidence on a written record as required by the TCA. Nextel was denied the opportunity to offer evidence in support of its application but nevertheless met all criteria for the issuance of a special use permit under the Ordinance. See, Southwestern Bell Mobile Systs., Inc. v. Todd, 244 F.3d 51, 57 (1st Cir. 2001).

**Effective Prohibition**

Nextel will demonstrate that the Board's denial of Nextel's request for the proposed facility results in an effective prohibition under the TCA because Nextel's existing application is the only feasible plan to provide coverage to its substantial coverage gap in Cranston, as there

are no feasible alternative sites in the area at which its coverage gap could be remedied. Second Generation Properties, L.P. v. Town of Pelham, 313 F.3d 620 (1st Cir. 2002).

NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC, INC. d/b/a NEXTEL COMMUNICATIONS

By its attorneys,

*/s/ Paul Cantor*

Paul Cantor, Esq.
RI Attorney #3177
321 South Main Street, #302
Providence, RI 02903
Telephone: (401) 351-8200
Fax Number: (401) 351-9032

*/s/ William A. Worth*

William A. Worth, Esq.
Ricardo M. Sousa, Esq.
PRINCE, LOBEL, GLOVSKY & TYE LLP
100 Cambridge Street, Suite 2200
Boston, MA 02114
Telephone: (617) 456-8000
Fax Number: (617) 456-8100

Date: November 26, 2007

**Certificate of Service**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 26, 3007.

*/s/ Paul S. Cantor*